```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AUGUSTINE CRUZ,

                    Petitioner,                    **REPORT AND**
                                                   **RECOMMENDATION**
          -against-
                                                   05 Civ. 6070 (SCR) (GAY)
JOSEPH T. SMITH,

                    Respondent.
------------------------------------------------------------X
```

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Augustine Cruz ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. BACKGROUND**

On June 17, 2000, petitioner was charged by indictment with, inter alia, one count of the Class B Violent Felony of Robbery in the First Degree and one count of the Class C Violent Felony of Robbery in the Second Degree. The Bill of Particulars alleged that on May 26, 1999 in the City of Beacon, petitioner approached Jennifer Breese and demanded her keys while displaying what appeared to be a silver handgun. Petitioner then demanded money and Ms. Breese gave him her keys and approximately sixteen dollars in currency. Petitioner then ordered her into the Beacon Market and drove away with her car which contained various items belonging to Ms. Breese.

Petitioner was tried in the Supreme Court of Dutchess County. At the conclusion of the trial, the parties and the court agreed to furnish the jury with a verdict sheet which allowed the jurors to consider, under the first count, Robbery in the First Degree and the lesser included offenses of Grand Larceny in the Fourth Degree and Petit Larceny. Under the second count, the jury was to consider Robbery in the Second Degree and the lesser included offenses of Grand Larceny in the Fourth Degree and Petit Larceny. The jury returned with a verdict finding Petitioner not guilty of Robbery in the First Degree, but guilty of Grand Larceny in the Fourth Degree on the first count and guilty of the second count of Robbery in the Second Degree.

On March 14, 2000 Judge Molea sentenced petitioner as both a persistent violent felony offender and a persistent felony offender. Judge Molea sentenced petitioner to twenty years to life imprisonment on the robbery conviction and fifteen years to life imprisonment on the grand larceny count.

Petitioner appealed to the New York Supreme Court, Appellate Division, Second Judicial Department. In this appeal, petitioner argued: 1) he was denied his due process right to a fair trial by the court's preliminary instructions, 2) the evidence adduced at trial was insufficient to sustain either conviction, 3) the court failed to comply with the mandates of N.Y. Penal Law § 70.10 and N.Y. Crim. Proc. Law § 400.20 when it sentenced appellant as a persistent felony offender, and 4) his sentences as a persistent felony offender violated his right to a jury trial and to due process of law where the existence of his prior convictions and other uncharged facts was not submitted to a jury, or contained in an indictment. The Appellate Division affirmed the judgment of the Supreme Court in People v. Cruz, 308 A.D.2d 458, 764 N.Y.S.2d 197

(2d Dep't 2003). The New York Court of Appeals denied petitioner's leave application in People v. Cruz, 1 N.Y.3d 570, 807 N.Y.S.2d 900 (2003).

On July 6, 2004, the petitioner, *pro se*, moved the Supreme Court of Dutchess County, pursuant to N.Y. Crim. Proc. Law § 440.10, for an order vacating his judgment of conviction on the ground that he received ineffective assistance of counsel at sentencing. Specifically, petitioner argued that his trial attorney failed to challenge the constitutionality of his prior felony convictions during the persistent violent felony offender hearing. On December 9, 2004, the Supreme Court denied petitioner's application. The court cited as its reasoning that petitioner failed to raise a ground which related to the validity of his conviction as required by N.Y. Crim. Proc. Law §440.10 (2)(d). In addition, the Court found that all relevant facts relating to petitioner's claim appeared on the record and could have been raised by petitioner on his direct appeal. Petitioner sought leave to appeal the denial of his motion to the Appellate Division, which denied his application on April 8, 2005.

On or about June 22, 2005, petitioner timely filed the instant Petition for a Writ of Habeas Corpus, wherein he asserts the same arguments he raised on appeal to the Appellate Division.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a).

Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. THE PRELIMINARY INSTRUCTION CLAIM

At trial, Judge Molea gave a preliminary instruction on the principle that a one witness identification was sufficient to convict under the law. Petitioner claims that by focusing the jury on the government's main witness, the court deprived him of his right to a fair trial mandated by the Constitution via the Sixth and Fourteenth amendments.

The state court rejected this claim on appeal as either unpreserved for appellate review or without merit. Therefore, this Court will treat the appellate court's review as a decision on the merits and will apply the level of deference that AEDPA requires. See Jimenez v. Arthur, 458 F.3d 130, 139 (2d Cir. 2006); Player v. Artus, No. 06-CV-2764,

2007 WL 708793, at *8 (E.D.N.Y. Mar. 6, 2007). "Where an error in a jury instruction is alleged, it must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some right that was guaranteed to the defendant by the Fourteenth Amendment." Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001). The question is not whether the trial court gave an improper instruction, but "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973).

A preliminary jury instruction that relieves the prosecution of its burden of proof would require a reversal by this court, as would an instruction that creates a mandatory presumption that works to relieve the government of its burden. See Sullivan v. Louisiana, 508 U.S. 275, 281-82 (1993); Francis v. Franklin, 471 U.S. 307, 314 (1985).

In the instant case, petitioner takes issue with the following portion of the preliminary instructions:

> Testimony of a witness to the effect that a charged crime was committed and testimony of a witness that the Defendant was the person who committed that charged crime is enough under the law to permit a verdict of guilty if, after you carefully examine all of the evidence, you are convinced, beyond a reasonable doubt, that all of the elements of the charged crime were committed and that the identification of the Defendant as the person who committed the charged crime is, one , an honest identification, that is, not deliberately false, and, two, accurate, that is, not an honest mistake.

Jury Selection Transcript at 21-22. While a federal court may not grant habeas relief for a mere error of state law, a finding that the given instruction violated state law is the first step in determining whether the petitioner's due process rights were violated. See

5

Davis, 270 F.3d at 123. The petitioner has pointed out that the New York Court of Appeals has held that distributing a preliminary written "checklist" of the elements of the charges in a criminal case constituted reversible error. See People v. Townsend, 67 N.Y.2d 815, 501 N.Y.S.2d 638 (1986). However, the Court of Appeals has declined to extend this holding to encompass a preliminary oral recitation of the elements of a crime, apparently acknowledging that an oral instruction has less impact in the jury room than a writing. See People v. Moore, 128 A.D.2d 424, 513 N.Y.S.2d 2 (1st Dep't 1987). New York is generally in favor of substantive preliminary oral jury instructions as a way to provide guidance on contested issues and the governing legal principals. See generally People v. Harper, 818 N.Y.S. 2d 113, 32 A.D.3d 16, 2006 N.Y. Slip Op. 04442 (2d Dep't 2006).

In the present case, the oral instruction at issue does appear to be in conflict with New York law. Morever, the trial court also instructed the jury that: 1) the defendant starts out with "a clean slate", 2) the burden of proof is on the People, 3) the defendant has no burden to prove his innocence, 4) the people must prove defendant's guilt beyond a reasonable doubt. The court then impressed upon the jurors the importance of keeping an open mind, cautioning them to refrain from reaching a conclusion before hearing all of the evidence and the attorney summations. These instructions are adequate to protect against any danger of an improper suggestion by the court. See People v. Harper, 32 A.D.3d 16, 19, 818 N.Y.S. 2d 113, 116, 2006 N.Y. Slip Op. 04442 (2d Dep't 2006); Player v. Artus, No. 06-CV-2764, 2007 WL 708793, at *8 (E.D.N.Y. Mar. 6, 2007).

The Appellate Division did not apply clearly established federal law in an

Davis, 270 F.3d at 123. The petitioner has pointed out that the New York Court of Appeals has held that distributing a preliminary written "checklist" of the elements of the charges in a criminal case constituted reversible error. See People v. Townsend, 67 N.Y.2d 815, 501 N.Y.S.2d 638 (1986). However, the Court of Appeals has declined to extend this holding to encompass a preliminary oral recitation of the elements of a crime, apparently acknowledging that an oral instruction has less impact in the jury room than a writing. See People v. Moore, 128 A.D.2d 424, 513 N.Y.S.2d 2 (1st Dep't 1987). New York is generally in favor of substantive preliminary oral jury instructions as a way to provide guidance on contested issues and the governing legal principals. See generally People v. Harper, 818 N.Y.S. 2d 113, 32 A.D.3d 16, 2006 N.Y. Slip Op. 04442 (2d Dep't 2006).

In the present case, the oral instruction at issue does appear to be in conflict with New York law. Morever, the trial court also instructed the jury that: 1) the defendant starts out with "a clean slate", 2) the burden of proof is on the People, 3) the defendant has no burden to prove his innocence, 4) the people must prove defendant's guilt beyond a reasonable doubt. The court then impressed upon the jurors the importance of keeping an open mind, cautioning them to refrain from reaching a conclusion before hearing all of the evidence and the attorney summations. These instructions are adequate to protect against any danger of an improper suggestion by the court. See People v. Harper, 32 A.D.3d 16, 19, 818 N.Y.S. 2d 113, 116, 2006 N.Y. Slip Op. 04442 (2d Dep't 2006); Player v. Artus, No. 06-CV-2764, 2007 WL 708793, at *8 (E.D.N.Y. Mar. 6, 2007).

The Appellate Division did not apply clearly established federal law in an

unreasonable way by concluding that the instruction did not violate Petitioners Constitutional due process rights. Accordingly, petitioner's claim that the trial court's preliminary instructions violated his due process rights is not a basis for habeas corpus relief.

## IV. INSUFFICIENCY OF EVIDENCE CLAIM

Petitioner argues that the evidence presented at his trial was insufficient to sustain his convictions of Robbery in the Second Degree and Grand Larceny in the Fourth Degree. In reviewing the sufficiency of evidence supporting a conviction, the Court must determine, "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Respondent initially claims that Petitioner failed to alert the Appellate Division that it was being asked to determine a federal Constitutional issue, classifying this claim as "unexhausted" under Picard v. Connor, 404 U.S. 270, 275-76 (1971). However, even though petitioner did not directly cite the Constitution or even federal case law in his appellate brief, there is little doubt that he "fairly present[ed] . . . the constitutional nature of the claim." Daye v. Attorney General, 696 F.2d 186, 194 (2d Cir. 1982). Petitioner refers to a failure by the prosecution to prove the essential elements of a crime "beyond a reasonable doubt" with regards to his conviction for both Grand Larceny and Robbery in the Second Degree. This language qualifies as an "assertion of the claim in terms so particular as to call to mind a specific right protected by the constitution." Hawkins v. West, 706 F.2d 437, 439 (2d Cir. 1983) (citing Daye, 696 F.2d

at 194). Petitioner, in his appellate brief, also listed and discussed the testimony and factual circumstances he claims are insufficient to establish his guilt "beyond a reasonable doubt." See Hawkins, 706 F.2d at 439. This satisfies the "allegation of a pattern of facts that is well within the mainstream of constitutional litigation" exception to the general rule. Daye, 696 F.2d at 194.

When considering the sufficiency of the evidence of a state conviction, a federal court must look to state law to determine the elements of the crime. Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). Under New York Law, a person is guilty of Robbery in the Second Degree when he forcibly steals property and when: . . . 3) [t]he property consists of a motor vehicle . . . " N.Y. Penal Law § 160.10. Under New York Law a person is guilty of grand larceny in the fourth degree when he steals property and when: . . . 5) [t]he property, regardless of its nature and value, is taken from the person of another . . " N.Y. Penal Law § 155.30.

At trial, police detective Thomas D' Amicantonio testified that on May 29, 1999, while at the petitioner's residence, petitioner's wife gave him a "Bob's" bag and a jacket matching the description of items that were in Ms. Breese's vehicle when it was taken from the parking lot of the Beacon Market. The receipt issued by the Bob's store to Ms. Breese refers to a jacket having the same UPC tag as this jacket. At trial, police sergeant Richard Geslain testified that on May 29, 1999, the Nissan Sentra driven by Ms. Breese and taken from the parking lot of the Beacon Market was found in the city of Beacon near an apartment complex surrounded by trees. At trial, a police latent fingerprint examiner testified that two of the latent prints found on this vehicle were made by the petitioner's right index finger. Ms. Breese testified that a man wearing a

8

flannel shirt/ coat approached her and pointed what appeared to be the barrel of a gun at her and demanded her keys and money. In response, Ms. Breese gave the man her keys and about $16.00 or $17.00. Ms. Breese testified that she saw the petitioner working the lock of her car and then later saw the car being driven away. Police detective Thomas D' Amicantonio testified that, along with the Bob's bag and the jacket, the respondent's wife also gave the police a flannel shirt/ jacket matching the description of the jacket worn by the man who approached Ms. Breese. She also told D' Amicantonio that petitioner had purchased a lighter in the shape of a gun which had a silver barrel, and that she had not seen it for about three weeks prior to May 29, 1999.

As evidenced by the verdict, the jury credited the testimony of the above witnesses. The jury considered the fact that Ms. Breese did not see petitioner back out of the parking lot. The jury considered the fact that although the keys were taken from the person of Ms. Breese, she was inside the market when the car left the parking lot. Nevertheless, the jury found that where the petitioner forcibly took Ms. Breese's keys from her, she saw petitioner begin to work the lock of her car, and moments later saw the car drive away, a nexus existed between the forcible taking of the keys and the car. Such a conclusion is not in conflict with New York law. See People v. Graves, 159 A.D.2d 962, 552 N.Y.S.2d 777 (4th Dep't 1990).

The court must defer to the jury's assessment of the weight of evidence and the credibility of the witnesses. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). It therefore cannot be concluded that the determination of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence

9

presented in the state court proceeding." 28 U.S.C. 2254(d).

## V. PROCEDURALLY BARRED CLAIMS

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground; unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); See Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

10

Id. (quoting Lee, 534 U.S. at 381-85).

**A. Claim that the Court Failed to Comply with the Mandates of PL § 70.10 And CPL § 400.20 when it Sentenced Petitioner as a Persistent Felony Offender**.

Petitioner contends that he is entitled to habeas relief because the trial court failed to comply with the mandates of N.Y. Penal Law § 70.10 and N.Y. Crim. Proc. Law § 400.20 when it sentenced petitioner as a persistent felony offender. Petitioner presented this argument to the Second Department on appeal from the denial of his § 440.10 motion. The Second Department affirmed petitioner's judgment of conviction and held that "[t]he defendant's argument that the Supreme Court did not comply with the procedural requirements of Penal Law § 70.10 and CPL § 400.20 in adjudicating him a persistent felony offender is unpreserved for appellate review . . . ." Thus, the Second Department did not evaluate the merits of petitioner's Fourth Amendment claim; instead, the Appellate Division rejected petitioner's claim on New York State procedural grounds.

The Second Department clearly relied on an "independent" state procedural rule in denying petitioner's Fourth Amendment claim. Moreover, applying the Cotto "guideposts" to petitioner's case, the procedural bar relied on by the Appellate Division is one that is "firmly established and regularly followed" and, thus, "adequate." In the first instance, the Second Department "actually relied on" the state procedural rule when it found that petitioner waived his right to a hearing under N.Y. Crim. Proc. Law § 400.20 and declined to controvert any of the allegations contained in the persistent felony

offender statement or placed on the record by the prosecutor prior to the sentencing. Having agreed to the sentencing procedures followed by the trial court, petitioner waived his right to complain. With regards to the second guidepost, New York state courts regularly hold a claim under N.Y. Penal Law § 70.10 and N.Y. Crim. Proc. Law § 400.20 to be procedurally barred where a defendant fails to controvert the allegations contained in the persistent felony offender statement or placed on the record by the prosecutor prior to sentencing. See People v. Hudson, 296 A.D.2d 510, 745 N.Y.S.2d 475 (2d Dep't 2002); People v. Proctor, 176 A.D.2d 765, 574 N.Y.S.2d 1008 (2d Dep't 1991); People v. Martin, 167 A.D.2d 428, 561 N.Y.S.2d 834 (2d Dep't 1990). Finally, there is no argument that petitioner "substantially complied" with the state procedural rule. Therefore, the Second Department's denial of petitioner's Fourth Amendment claim rested on an independent and adequate state procedural ground.

There is an adequate and independent finding by the state court that petitioner procedurally defaulted on the claim he now asserts as grounds for habeas relief. Thus, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has made no claim of actual innocence amounting to a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Therefore, he may circumvent the procedural bar on habeas review of this claim only by demonstrating both cause and prejudice.

"Cause" may be established by showing that either (1) the factual or legal basis

for the claim was not reasonably available, (2) some interference by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the result of ineffective assistance of counsel. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). To the extent that petitioner's papers can be construed as alleging that the cause of his waiver was the ineffective assistance of counsel, such cause would satisfy the third prong of the test. However, a claim of ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (quotation and citation omitted). Petitioner presented this argument to the State Supreme Court in his § 440.10 motion; the Second Department denied the application for a certificate granting leave to appeal. In its decision and order, the State Supreme Court found the claim procedurally barred. As such, petitioner cannot here use the ineffective assistance of counsel as a basis for "cause." Id. at 452-53; see infra Part V.B.

### B. Claim of Ineffective Assistance of Counsel

Petitioner argued ineffective assistance of counsel for the first time in his N.Y. Crim. Proc. Law § 440.10 motion to vacate judgment dated July 6, 2004. In its December 9, 2004 decision, the state trial court ruled that this claim was procedurally barred because: 1) the defendant failed to raise his ineffective assistance of counsel claim on his direct appeal from the instant judgment of conviction, and 2) the failure of a defendant to raise a ground in support of the instant motion which relates to the validity

13

of the conviction.

Section 440.10[2][c] mandates the dismissal of a motion seeking to vacate a judgment of conviction where "[although sufficient facts appear on the record of the proceedings to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to . . . raise such ground or issue upon an appeal actually perfected by him." Section 440.10[2][d] mandates the dismissal of a motion seeking to vacate a judgment of conviction where "the ground or issue raised relates solely to the validity of the sentence and not to the validity of the conviction."

As discussed earlier in this Part, this Court is generally procedurally barred from considering a ruling that "fairly appears] to rest primarily on state procedural law." Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006). Again, in determining if the state procedural bar is "adequate" to bar federal habeas review, we look to the three Cotto guideposts. Both applicable sections of the statute satisfy the first guidepost as the state court explicitly referred to § 440.10[2][c] and [d] when it dismissed the ineffectiveness claim. See Murden v. Artuz, 497 F.3d 178, 192 (2d Cir. 2007). With regards to the second guidepost, New York state courts regularly apply subsection [c] to claims that could have been but were not raised on previous motions to vacate. See In re Moore, 17 Misc.3d 228, 840 N.Y.S.2d 722 (N.Y. Sup. Ct. 2007); People v. Cuadrato, 37 A.D.3d 218, 830 N.Y.S.2d 65 (1st Dep't 2007). In a similar manner, the state courts regularly apply subsection [d] to claims where the ground or issue raised relates solely

14

to the validity of the sentence and not to the validity of the conviction. See People v. Soto, 16 Misc.3d 1135(A), Slip Copy, 2007 WL 2582246 (N.Y. Sup. Ct. 2007); People v. Fevziekinici, 191 Misc.2d 510, 743 N.Y.S.2d 651 (N.Y. Sup. Ct. 2002). Finally, petitioner did not substantially comply with either section. He did not attempt to raise the ineffective assistance of counsel claim even though all pertinent facts concerning the defendant's claim appear on the record. Nor can petitioner claim to have substantially complied with [d] when his claim only addresses the validity of the sentenced imposed. Murden 497 F.3d at 192.

Nonetheless, petitioner may still obtain a review on the merits if he can show that equity demands such. Dretke v. Haley, 541 U.S. 286, 393 (2004). As in the above section, petitioner fails to establish either "cause and prejudice" for the procedural default, or "actual innocence." As such, this court is procedurally bared from reviewing this state court ruling.

## VI. CLAIM THAT PETITIONER'S SENTENCE VIOLATES HIS RIGHT TO A JURY TRIAL AND DUE PROCESS OF LAW

Petitioner claims that statutes here at issue, N.Y. Penal Law § 70.08 and N.Y. Crim. Proc. Law § 400.16, which provide for enhanced sentences based on the existence of two predicate violent felony convictions, are unconstitutional because they require the judge, rather than the jury, to make the necessary findings. Petitioner claims these statutes are in conflict with the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

The state court rejected this claim on appeal as either unreserved for appellate review or without merit. Therefore, the Court will treat the appellate court's review as a decision on the merits and will apply the level of deference that AEDPA requires. See Jimenez v. Walker, 458 F.3d 130, 139 (2d Cir. 2006); Player v. Artus, No. 06-CV-2764, 2007 WL 708793, at *8 (E.D.N.Y. Mar. 6, 2007).

### A. Sentence Under the Persistent Violent Felony Offender Statute

Under the statute, a "persistent violent felony offender" is a "person who stands convicted of a violent felony offense as defined in N.Y. Penal Law § 70.08(1)(a) after having been previously subjected to two or more predicate violent felony convictions as defined in N.Y. Penal Law § 70.04." N.Y. Penal Law § 70.08(1)(a). The sentencing of an individual as a persistent violent felony offender requires a ruling that the individual meets this definition. If the court decides that the defendant qualifies under the statute, the "court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment." N.Y. Penal Law § 70.08(2). "Where the uncontroverted allegations in the statement are sufficient to support a finding that the defendant has been subject to a predicate violent felony conviction," the court need not conduct any further hearing and must sentence the defendant as a persistent violent felony offender. N.Y. Penal Law § 400.15(4); § 400.16. The Supreme Court held in Apprendi that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (2000).

In the present case, petitioner conceded the existence of at least two of his three predicate violent felony convictions. As a result, the trial court's sentencing of petitioner under the persistent violent felony offender statute was consistent with state law and within the exception to the general holding of Apprendi. Therefore, the Appellate Division decision affirming this sentence was not "contrary to, or . . . an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### B. Sentence under the Persistent Felony Offender Statute

The statute provides for an enhanced sentence if: 1) a felony offender has two predicate felony convictions; and 2) the "court is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." N.Y. Penal Law § 70.10. As discussed above, the first prong of the test clearly falls within an exception to the general rule of Apprendi. 530 U.S. at 488-90. In the present case, petitioner conceded the existence of two predicate felony convictions.

In considering the Appellate Division's treatment of the second prong of the statute, this Court is limited to consideration of Supreme Court rulings that were available to the state court at the time of its decisions. The Second Circuit decided this precise issue in Brown v. Miller, 451 F.3d 54 (2d Cir. 2006). In Brown v. Miller, as in the present case, the state court had only Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and the preceding cases on which to rely. As in Brown v. Miller, the Appellate Division

17

in the instant case did not have the benefit of Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) when deciding this issue, as the issue was decided before these cases were decided.[1]  Therefore we look to the Appellate Division's application of Apprendi, Ring, and the cases that preceded it, as understood at the time.  See Brown v. Miller, 451 F.3d at 58.

In Apprendi, the trial court determined whether the defendant's crime was committed "with a purpose to intimidate . . . because of race, color, gender, handicap, religion, sexual orientation or ethnicity." Apprendi, 530 U.S. at 468-69. In a predecessor case to Brown v. Miller, the court in Brown v. Greiner, 409 F.3d 523 (2d Cir. 2005) characterized Apprendi as involving "findings of specifically enumerated facts that were necessary to increase sentencing ranges." Id. at 534.  The court then determined that Apprendi did not apply to the second prong of the New York statute, as it instead required the court to make "a vague and amorphous assessment of whether, in the court's opinion, extended incarceration and life time supervision of the defendant will best serve the public interest."  Brown v. Greiner, 409 F.3d at 526.  Based on this distinction, the court could not say that the New York Court of Appeals unreasonable applied Apprendi when it affirmed the judgment of the trial court. Id.

In Brown v. Miller, the Second Circuit determined that the Supreme Court

---

[1] The Supreme Court has provided "inconsistent guidance" as to what precise time to which a federal court should look in order to assess what was clearly established federal law; the time the state-court convictions became final on direct appeal, or at the time of the relevant state-court decision.  Brown v. Miller, 451 F.3d at 57 n.1.  In this case, under either formulation, Apprendi and Ring are applicable and Booker and Blakely are not.  See Brown v. Greiner, 409 F.3d at 533 n.3.

decision in Ring did not make the reasoning in Brown v. Greiner inapplicable. Brown v. Miller, 451 F.3d at 59. The statute at issue in Ring, like the statute at issue in Apprendi, required the judge to engage in specific "fact finding." Id. As discussed above, the New York statute asks the judge to make a "vague and amorphous assessment." Id. For this reason, the court in Brown v. Miller followed the reasoning of the court in Brown v. Greiner and affirmed the reasoning of the district court in denying the petition.

In light of the clearly established precedent of the Court of Appeals for the Second Circuit, this court concludes that the Appellate Division did not unreasonably apply Apprendi and Ring in sentencing the petitioner as a persistent felony offender under N.Y. Penal Law § 70.10 and N.Y. Crim. Proc. Law § 400.20.

## VII. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VIII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules

19

serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: January 15, 2008
White Plains, New York

Respectfully Submitted,

_/s/ George A. Yanthis_
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE