UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AUGUSTINE CRUZ,

                        Petitioner,

     -v-

JOSEPH T. SMITH, Superintendent
Shawangunk Correctional Facility,

                      Respondent.

Case No. 05-CV-6070 (KMK)(GAY)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

Augustine Cruz ("Petitioner"), proceeding pro se, brings this writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for grand larceny in the fourth degree (N.Y. Penal Law § 155.30(5)), and robbery in the second degree (N.Y. Penal Law § 160.10(3)).[1] The case was referred to Magistrate Judge George A. Yanthis for review, pursuant to 28 U.S.C. § 636(b).[2]  On January 15, 2008, Magistrate Judge Yanthis issued a thorough Report and Recommendation ("R&R"), concluding that this Court should deny the Petition in all respects. For the reasons stated herein, the Court denies Petitioner's claims for habeas relief and adopts the conclusions of the R&R.

---

[1] The jury found Petitioner not guilty of robbery in the first degree (N.Y. Penal Law § 160.15(4)).

[2] The case was initially assigned to District Judge Stephen C. Robinson, who referred the matter to Magistrate Judge Yanthis on February 14, 2006.  The case was reassigned to this Court on September 20, 2007.

## I.  Background

Although the Court will assume the Parties' general familiarity with the factual and procedural background of this case as set forth in the R&R, the Court will briefly summarize the facts most salient to the Petition.

Petitioner was charged with three counts of robbery, following an incident on May 26, 1999, in which Petitioner demanded the belongings of an individual and drove away in her car after displaying what appeared to be a handgun.  Following a jury trial in New York Supreme Court, Dutchess County, Petitioner was convicted of grand larceny in the fourth degree and robbery in the second degree.

On March 14, 2000, after denying Petitioner's motion to set aside the jury verdict (Aff. in Answer to Pet. for Writ of Habeas Corpus ("Resp. Aff."), Ex. 7 (*People v. Cruz*, No. 99-62, at 2 (N.Y. Sup. Ct. Feb. 22, 2000) (decision and order)), New York Supreme Court Judge Richard A. Molea sentenced Petitioner to concurrent terms of prison, with the longest running for a period of twenty years to life (Resp. Aff., Ex. 1 (Sentence and Commitment)).

Petitioner thereafter engaged in lengthy appeal proceedings.  On direct appeal, Petitioner, by counsel, argued that (1) certain preliminary instructions given to the jury were unconstitutional, (2) evidence submitted at trial was insufficient to sustain either conviction, (3) the trial court failed to comply with N.Y. Penal Law § 70.10 and N.Y. Crim. Proc. Law ("CPL") § 400.20, and (4) his sentence as a persistent violent felony offender and persistent felony offender was unconstitutional.  (Resp. Aff., Ex. 8 (Br. for Def.-Appellant) at iv).)  In a September 8, 2003 order, the Appellate Division affirmed the state supreme court's judgment. *See People v. Cruz*, 764 N.Y.S.2d 197, 198 (App. Div. 2003).  The Court of Appeals thereafter

2

denied Petitioner's leave to appeal on December 23, 2003. *See People v. Cruz*, 807 N.E.2d 900 (N.Y. 2003).

Petitioner, proceeding pro se, then moved the trial court to vacate its judgment, pursuant to CPL § 440.10(1)(h), on the basis of ineffective assistance of court-appointed trial counsel. (Resp. Aff., Ex. 12 (Def.'s Notice of Mot. to Vacate J. & Aff. in Supp. of Mot. to Vacate J.).) On December 9, 2004, the state supreme court denied Petitioner's motion because Petitioner had failed to raise his ineffective assistance claim on direct appeal. (Resp. Aff., Ex. 14 (*People v. Cruz*, No. 99-62 (N.Y. Sup. Ct. Dec. 9, 2004)).) Petitioner sought leave to appeal the order, but the Appellate Division denied his application on April 8, 2005. (Resp. Aff., Ex. 15 (*People v. Cruz*, No. 2005-00991, slip op. at 1 (App. Div. Apr. 8, 2005) (decision and order denying leave to appeal)).)

On June 22, 2005, Petitioner filed the instant application for habeas relief, pursuant to 28 U.S.C. § 2254. In his Petition, Petitioner asserts the same four arguments he advanced on his direct appeal, as well as the ineffective assistance of counsel claim that he raised in his motion to vacate. (Mem. of Law Accompanying Pet. for Writ of Habeas Corpus ("Pet'r Mem.") 2-3.)

In the R&R, Magistrate Judge Yanthis recommended that the Petition be denied in its entirety. (R&R 19.) Petitioner submitted timely objections on February 15, 2008 (Objections to Mag.'s R&R ("Obj.")),[3] in which he argued that Magistrate Judge Yanthis incorrectly decided the issues of: (1) the preliminary instruction; (2) the sufficiency of the evidence to sustain a guilty verdict; and (3) the constitutionality of Petitioner's enhanced sentence. (*Id.*) Petitioner lodged no objections to Magistrate Judge Yanthis's conclusions regarding the alleged failure of

---

[3] On January 25, 2008, at the request of Petitioner, the Court granted Petitioner a 30-day extension to file his objections. (Dkt. No. 9.)

the trial court to comply with the requirements of N.Y. Penal Law § 70.10 and CPL § 400.20, or

the ineffective assistance of counsel claim.

## II.  Discussion

### A.  Standard of Review

#### 1.  Review of Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion

"'may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge.'"  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin.,*

*Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  Under 28 U.S.C.

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the

magistrate judge's report and recommendation.  The objections must be "specific" and "written,"

Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of

the recommended disposition."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Where a party submits timely objections to a report and recommendation, as Petitioner

has here, the district court reviews de novo the parts of the report and recommendation to which

the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL

831816, at *1.  The district court "may adopt those portions of the . . . report [and

recommendation] to which 'no specific written objection' is made, as long as the factual and

legal bases supporting the findings and conclusions set forth in those sections are not clearly

erroneous or contrary to law."  *See Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp.

2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

<u>2.  Review of Petition for Habeas Corpus Relief</u>

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."  28 U.S.C. § 2254(d)(1).  Thus, Petitioner is entitled to habeas corpus relief only if he can show that "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to it.'"  *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  "While 'the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones' is somewhat unclear, 'it is well-established in this Circuit that the "objectively unreasonable" standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain *habeas* relief.'"  *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (quoting *Torres v. Berbary*, 340 F.3d 63, 68 (2d Cir. 2003) (internal brackets omitted)).  The state court's determination of factual issues is presumed correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006).[4]

---

[4] Pleadings submitted by pro se litigants are held to a lesser standard than those drafted by practicing attorneys.  *See Fed. Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1158 (2007) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties.").  Because Petitioner is proceeding pro se, the Court construes his pleadings liberally so as to interpret them to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

B.  Analysis

1.  The Preliminary Instruction Claim

Petitioner objects to the R&R by renewing the very same arguments he presented in his Petition, namely, that by focusing the jury on the prosecution's main witness during preliminary jury instructions, the state court deprived Petitioner of his right to a fair trial, as mandated by the Sixth and Fourteenth Amendments.[5]  (Obj. 1-2.)  The Court construes Petitioner's objection as applying to the whole of Magistrate Judge Yanthis's analysis on this claim.

The constitutionality of a jury instruction turns on the fundamental understanding that "the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement."  *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).  In this respect, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation.  The question is 'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'"  *Id.* at 437 (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)).  Thus, in reviewing an arguably ambiguous instruction, the

_____

[5] Specifically, Petitioner takes issue with the following portion of the preliminary instructions:

> Testimony of a witness to the effect that a charged crime was committed and testimony of a witness that the Defendant was the person who committed that charged crime is enough under the law to permit a verdict of guilty if, after you carefully examine all of the evidence, you are convinced, beyond a reasonable doubt, that all of the elements of the charged crime were committed and that the identification of the Defendant as the person who committed the charged crime is, one, an honest identification, that is, not deliberately false, and, two, accurate, that is, not an honest mistake.

(Resp. Aff., Ex. 8 at 11.)

6

inquiry is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle*, 502 U.S. at 72 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).  The Supreme Court has "defined the category of infractions that violate fundamental fairness very narrowly."  *Id.* at 73 (quoting *Dowling v. United States*, 493 U.S. 345, 352 (1990) (internal quotation marks omitted)).

A court should not review the contested instruction in isolation, but should consider it within the context of all instructions provided to the jury.  *See Estelle*, 502 U.S. at 72 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); *see also DelValle v. Armstrong*, 306 F.3d 1197, 1201 (2d Cir. 2002) ("Where a trial court repeatedly emphasizes the state's burden of proof, a single instruction taken in isolation that at worst suggests a lessening of that burden does not constitute grounds for habeas relief.").  However, a court is required to reverse a conviction where a jury instruction relieves the prosecution of its burden of proof.  *See Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993) ("[T]he essential connection to a beyond a reasonable doubt factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates *all* the jury's findings.  A reviewing court can only engage in pure speculation – its view of what a reasonable jury would have done.  And when it does that, the wrong entity judges the defendant guilty." (emphasis in original) (internal quotation marks omitted)); *Francis v. Franklin*, 471 U.S. 307, 314 (1985) (noting that a jury instruction violates the Due Process clause where it relieves the state of the burden of persuasion on an element of an offense).

"In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instruction to the jury on matters of state law, the petitioner must show not only that

the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Casillas v. Scully*, 769 F.2d 60, 63 (2d Cir. 1985); *accord Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (noting that a violation of state law also could result in a "cognizable violation of a constitutional right to due process").  Therefore, "[w]hat due process requires will often depend on what state law is." *Davis*, 270 F.3d at 123.  Generally, a defendant's right to due process is violated where an instruction, or lack thereof, is "catastrophic" to the defendant's case.  *See Jackson v. Edwards*, 404 F.3d 612, 625 (2d Cir. 2005).  As a result, cases rising to the level of constitutional infraction are distinct from those involving a "'minor error of state law in explaining the legal standards to the jury.'" *Id.* (quoting *Davis*, 270 F.3d at 132).

Here, Petitioner argues that the preliminary instruction given to the jury about a prosecution witness implicitly focused the jury's attention on the testimony of the sole eyewitness to the crime.  Magistrate Judge Yanthis concluded that habeas relief as to this claim was inappropriate because the preliminary instruction complied with New York state law,[6] and because the trial judge's instructions as a whole were adequate to protect against any danger of an improper suggestion by the trial court.  (R&R 6-7.)

Reviewing the matter de novo, the Court reaches the same conclusion.  In New York, courts have upheld preliminary instructions where the jury was instructed "as to the presumption of innocence, the burden of proof, and the manner in which the jury should assess the credibility of witnesses." *People v. Harper*, 818 N.Y.S.2d 113, 115 (App. Div.), *aff'd*, 855 N.E.2d 804

---

[6] Magistrate Judge Yanthis noted that "New York is generally in favor of substantive preliminary instructions as a way to provide guidance on contested issues and governing legal principles."  (R&R 6.)  As a result, he found that "[i]n the present case, the oral instruction at issue does [not] appear to be in conflict with New York law." (*Id.*)

(N.Y. 2006); *accord People v. Miller*, 815 N.Y.S.2d 827, 827 (App. Div. 2006) (holding that it was not error for trial court to instruct prospective jurors on the law of acting in concert during voir dire so long as the jury was also instructed as to the presumption of innocence and burden of proof). Here, the full instructions given by the trial court were replete with language informing the jurors of the prosecution's burden of proving Petitioner's guilt beyond a reasonable doubt. (Resp. Aff., Ex. 8 at 2-4.) Further, the jury was instructed on the importance of assessing the credibility of witnesses and corroborating the witness's testimony with circumstantial evidence (*id.*), a fact other courts have found significant in determining whether a jury instruction was appropriate. *See, e.g.*, *Olivo v. Thornton*, No. 05-CV-3237, 2005 WL 3292542, at *12 (S.D.N.Y. Dec. 6, 2005) ("Pursuant to New York law, a jury charge on identification is an 'accurate statement of the law' so long as the judge gives 'a general instruction on weighing witnesses' credibility and . . . states that identification must be proven beyond a reasonable doubt.'" (quoting *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001))); *People v. Knight*, 662 N.E.2d 256, 256 (N.Y. 1995) (same); *People v. Whalen*, 451 N.E.2d 212, 214 (N.Y. 1983) (same).

Further, this is not a case where an "ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'" *Middletown*, 541 U.S. at 437 (quoting *Estelle*, 502 U.S. at 72). Other courts have denied habeas relief, even where the trial court failed to provide preliminary jury instructions required under New York law. *See, e.g.*, *Ortiz v. Lefevre*, No. 89-CV-6553, 1990 WL 100889, at *3 (S.D.N.Y. July 9, 1990) (holding that the trial court's failure to comply with CPL § 270.40 and make four required preliminary jury instructions, when evaluated in the context of the entire trial, did not "constitute a violation of petitioner's right to due process"). Here, the instructions as a whole were adequate to protect against any danger of

an improper suggestion by the trial court, and, when evaluated in the context of the entire trial, did not violate Petitioner's due process rights.  Accordingly, the Court rejects Petitioner's objection that the instruction was unconstitutional and denies Petitioner's claim for habeas relief on these grounds.

### 2.  Insufficiency of Evidence Claim

Petitioner argues that "contrary to the Magistrate's findings, when considering the evidence as a whole, the conviction for grand larceny in the fourth degree and robbery in the second degree should have been reversed . . . due to insufficiency of the evidence."  (Obj. 4.)  Specifically, with respect to the grand larceny charge, "Petitioner contends that the record is devoid of a 'sufficient physical nexus' between complainant's body and her car to establish that her car was taken from her person."  (*Id.* 3.)  Petitioner objects to his conviction for second degree robbery, arguing that "the record does not support that any other force or threat of force was used by petitioner to compel complainant to deliver up the property or overcome her resistance in accordance with [N.Y. Penal Law § 160.00]."  (*Id.* 4.)

To analyze the sufficiency of the evidence for a state conviction, a federal court looks to the state law to determine the elements of the crime.  *See Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002).  A claim of insufficient evidence fails if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  In addition, a conviction may rest entirely on circumstantial evidence.  *See United States v. Wexler*, 522 F.3d 194, 207 (2d Cir. 2008) (noting that a federal court should consider the prosecution's case in its totality, rather than its parts, and that the prosecution's case may rest solely on circumstantial evidence); *United States v.*

*Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) (noting that a jury's verdict may be based entirely

on circumstantial evidence); *see also People v. Lewis*, 479 N.E.2d 802, 802 (N.Y. 1985)

(affirming defendant's conviction as proven beyond a reasonable doubt upon "[v]iewing the

entirely circumstantial evidence in a light most favorable to the prosecution and giving it the

benefit of every reasonable inference to be drawn therefrom").  This standard places a "heavy

burden" on a habeas petitioner challenging the sufficiency of evidence.  *See United States v.*

*Parkes*, 497 F.3d 220, 225 (2d Cir. 2007).

        The grand larceny subsection under which Petitioner was found guilty requires that a

defendant steal property "from the person of another."  N.Y. Penal Law § 155.30(5).  Further,

the robbery charge requires that the property be "forcibly" stolen.  N.Y. Penal Law § 160.10.

Magistrate Judge Yanthis concluded that the jury verdict as to both counts was sustainable in

light of the evidence produced at trial.  (R&R 9-10.)  Having reviewed the matter de novo, the

Court reaches the same finding.

        As even Petitioner acknowledges, the "uncontroverted trial testimony" of the victim

established that she saw Petitioner "driving her car" soon after she handed her car keys and cash

to him, "allegedly at gunpoint."  (Obj. 3.)  The record is clear that the jury found the victim's

testimony to be credible.  *See United States v. Jones*, 482 F.3d 60, 68 (2d Cir. 2006) (noting that

a court must give deference to a jury's assessment of witness credibility).  This testimony, along

with additional circumstantial evidence corroborates the victim's account of the events, and was

sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Petitioner stole

money and keys from the victim.[7]

_____

        [7] At trial, Police Detective Thomas D'Amicantonio testified that he recovered items from
Petitioner's residence matching the description of items, including a jacket, that were in the

Thus, the Court finds that the state court determination was not "based on an unreasonable determination of the facts in light of the evidence," and did not involve "an unreasonable application of[] clearly established Federal law."  28 U.S.C. § 2254(d). Accordingly, the Court denies Petitioner's claims for habeas relief on the basis of insufficient evidence.

### 3.  Procedurally Barred Claims

Petitioner did not file any objections with respect to Magistrate Judge Yanthis's recommendations regarding Petitioner's procedurally barred claims.  These included:  (1) Petitioner's claim that the trial court failed to comply with the procedural requirements of N.Y. Penal Law § 70.10 and CPL § 400.20 in sentencing Petitioner, and (2) Petitioner's claim of ineffective assistance of counsel.  As a result, the Court has reviewed the R&R regarding these claims under the clear error standard.

Federal courts generally are procedurally barred from reviewing a ruling where a state court has expressly relied on a procedural default as an independent and adequate state ground. *See  Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006); *accord Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (per curiam).  However, federal habeas review of the claim is not barred if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a

---

victim's car at the time it was stolen.  (Gov't Aff., Ex. 8 at 6.)  The sales tag from the jacket that was recovered was subsequently matched to the sales receipt issued to the victim by the store where she purchased the jacket.  (*Id.*)  Detective D'Amicantonio also recovered a flannel jacket matching the description of the flannel jacket that the victim claims was worn by the perpetrator.  (*Id.* at 5-6.)  Petitioner's wife also told Detective D'Amicantonio that the Petitioner owned a lighter shaped like a gun matching the description of the gun described by the victim.  (*Id.* at 6.) Additionally, Petitioner's fingerprints were later recovered from the stolen vehicle.  (*Id.* at 7.)

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Harris v. Reed*, 489 U.S. 255, 262 (1989) (applying cause and prejudice standard).

Magistrate Judge Yanthis found that the Appellate Division's decision that Petitioner's claims relating to the sentencing court's failure to comply with N.Y. Penal Law § 70.10 and CPL § 400.20 were procedurally barred was adequate and independent.  (R&R 12-13.)  Further, Magistrate Judge Yanthis rejected Petitioner's allegation that ineffective assistance of counsel was the cause for his procedural default because such a claim had to "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (R&R 13 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).)  The Court agrees that Petitioner has failed to demonstrate cause or prejudice, or that a fundamental miscarriage of justice will result without federal habeas review.  As a result, Petitioner is procedurally barred from challenging the Appellate Division's ruling on this issue.

Similarly, the state trial court reviewing Petitioner's motion to vacate judgment held that Petitioner's ineffective assistance of counsel claim was barred because Petitioner had failed to raise the claim on his direct appeal.  Magistrate Judge Yanthis, in turn, concluded that Petitioner's ineffective assistance claim was procedurally barred on an independent and adequate state procedural ground.  (R&R 15.)  Further, Magistrate Judge Yanthis concluded that Petitioner's habeas petition did not demonstrate cause for the default and actual prejudice from the alleged violation of federal law, or show that failure to consider the claims will result in a fundamental miscarriage of justice.  The Court agrees that Petitioner's claim should be denied

for procedural default and therefore declines to review the merits of Petitioner's ineffective assistance claim.[8]

4.  Petitioner's Enhanced Sentence

Petitioner contends that he received an unlawful sentence pursuant to New York's persistent violent felony offender law, N.Y. Penal Law § 70.08, and New York's persistent felony offender law, N.Y. Penal Law § 70.10.  Petitioner's enhanced sentences under these statutes were predicated on the existence of his two prior felony convictions.

In particular, Petitioner claims that by requiring the judge, rather than the jury, to make the necessary findings as to whether an enhanced sentence is appropriate, N.Y. Penal Law §§ 70.08 and 70.10 are unconstitutional.[9]  (Obj. 5.)  Petitioner claims that the sentence enhancements he received under these statutes were in contravention of Supreme Court rulings that hold that any fact that increases a sentence must be found to have been proven beyond a reasonable doubt by a jury or admitted to by the defendant.  *See generally Ring v. Arizona*, 536 U.S. 584, 589 (2002) (holding that "[c]apital defendants, no less than noncapital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment"); *Apprendi v. New Jersey*, 530 U.S. 466, 491-92 (2000) (holding that any fact, other than that of a prior conviction, that increases the maximum sentence to which a defendant may be sentenced must be admitted by the defendant or proved beyond a reasonable

---

[8] The Court would reach the same conclusion even if it reviewed the R&R on a de novo basis.

[9] While Petitioner's objections specifically reference N.Y. Penal Law § 70.08, the Court reads Petitioner's objections, which encompass both his persistent violent felony offender sentence and his persistent felony offender sentence, as also including N.Y. Penal Law § 70.10. (Obj. 5-7.)

14

doubt to a jury).  The Court, conducting a de novo review, agrees with Magistrate Judge

Yanthis's conclusion that Petitioner's sentence enhancements were not "contrary to, or . . . an

unreasonable application of, clearly established federal law, as determined by the Supreme Court

of the United States."[10]  28 U.S.C. § 2254(d)(1).

---

[10] Before addressing the particulars of Petitioner's claims, it is important to note exactly what law is applicable in determining whether the state court acted contrary to or unreasonably applied clearly established federal law, pursuant to the AEDPA.  *See* 28 U.S.C. § 2254(d)(1) (noting that habeas relief may only be granted where the state court claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States").  The Supreme Court has explained that "'clearly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  In *Brown v. Miller*, the Second Circuit noted that, for purposes of determining the relevant state court decision, the Supreme Court has provided "'inconsistent guidance'" under AEDPA with regard to whether a federal court is limited to consideration of Supreme Court precedent at the time the state court conviction became final on direct appeal or at the time of the relevant state court decision.  *See Brown v. Miller*, 451 F.3d 54, 57 n.1 (2d Cir. 2006) (quoting *Brown v. Greiner*, 409 F.3d 523, 533 n.3 (2d Cir. 2006)).

Here, the state court conviction became final on December 23, 2003, when the Court of Appeals denied Petitioner's leave to appeal.  The relevant state court decision was the September 8, 2003 decision by the Appellate Division, which rejected Petitioner's claims regarding New York's persistent violent felony offender and persistent felony offender sentencing enhancements.  *See Lewis v. Zon*, 573 F. Supp. 2d 804, 812 n.2 (S.D.N.Y. 2008) (identifying Appellate Division opinion on merits of defendant's appeal as relevant state court decision); *Woods v. Poole*, No. 03-CV-5708, 2007 WL 4166042, at *1 (E.D.N.Y. Nov. 19, 2007) (finding that the relevant state court adjudications were the decisions by the Appellate Division and Court of Appeals, affirming the defendant's conviction); *Lyle v. Artuz*, No. 03-CV-5155, 2006 WL 1517750, at *8 (E.D.N.Y. May 31, 2006) (noting that the relevant state court decision is the last state court adjudication on the merits of the defendant's claims).  As a result, under either formulation, this Court is limited to consideration of the Supreme Court's *Apprendi* and *Ring* decisions and cannot rely on subsequent Supreme Court decisions, such as *Blakely v. Washington*, 542 U.S. 296 (2004), or *United States v. Booker*, 543 U.S. 220 (2005), both of which were decided after the Appellate Division's decision and when Petitioner's conviction became final.

<u>a.  Persistent Violent Felony Offender Sentence</u>

Petitioner claims that his persistent violent felony offender sentence violated his right to a jury trial as enunciated in *Apprendi* and *Ring*, because the prior convictions that were the predicate for the state court's ruling that he was a persistent violent offender were not submitted to or found by a jury.  (Obj. 5.)  Petitioner further argues that the trial court did not even comply with New York procedural law by holding a hearing in which the prosecution was required to prove to the judge beyond a reasonable doubt that Petitioner previously was convicted of two or more violent felonies.  (Obj. 5-6.)

N.Y. Penal Law § 70.08 applies to defendants who stand convicted of a violent felony (as defined in N.Y. Penal Law § 70.02) and have been convicted of two or more predicate violent felonies (as defined in N.Y. Penal Law § 70.04(1)(b)).  *See* N.Y. Penal Law § 70.08(1)(a). Sentencing pursuant to this provision requires a ruling that the defendant meets this criteria.  *See id.* § 70.08(1)(b).  An individual who is determined to be a persistent violent offender receives "an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment."  N.Y. Penal Law § 70.08(2).  Under the statute, "the court *must* impose" an enhanced penalty once it finds that the individual is a persistent violent felony offender.  *Id.* (emphasis added).  The finding that an individual is a persistent violent felony offender may only be reached after a hearing, in which the prosecution must prove to the court beyond a reasonable doubt that the defendant has been subjected to the predicate violent felony convictions, unless, as was the case here, "the uncontroverted allegations in the statement are sufficient to support a

16

finding that the defendant has been subject to a predicate violent felony conviction."  CPL
§§ 400.15(4), 400.15(7) & 400.16(2).[11]

During the sentencing hearing, Petitioner "admitted to three prior violent felonies, and
other factual allegations and informed the court that he did not wish to present any evidence to
controve the allegations made by the People."  (Resp. Aff., Ex. 8 at 9.)  As a result, the trial
court's sentencing was consistent with the procedure set forth in CPL §§ 400.15 and 400.16.  *See*
CPL §§ 400.15(4), 400.16(2); *see also Wheeler v. Phillips*, No. 05-CV-4399, 2006 WL 2357973
at *13 (E.D.N.Y. Aug. 15, 2006) (finding that the sentencing judge abided by the procedures
outlined in § 400.15, where the defendant did not dispute the allegations in the predicate violent
felony offender statement presented to the court at sentencing).  Thus, there is no merit to
Petitioner's claim that the sentencing court failed to follow the procedural requirements by
imposing the sentencing enhancement.

Similarly unpersuasive is Petitioner's claim of a constitutional foul.  In *Apprendi*, the
Supreme Court held that "*other than the fact of a prior conviction*, any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must be admitted by the defendant

---

[11] CPL § 400.16 sets forth the procedure for determining whether a defendant is a
persistent violent felony offender under N.Y. Penal Law § 70.08.  Under Section 400.16, prior to
determining whether a defendant has been convicted of two or more predicate violent felonies
and is a persistent violent felony offender, the court must follow the procedures set forth in CPL
§ 400.15(2)-(8).  *See* CPL § 400.16(2).  In turn, CPL § 400.15 requires the prosecutor to file a
statement that sets forth the date and place of each alleged predicate violent felony conviction.
*See* CPL § 400.15(2).  The defendant must be provided with a copy of the statement, and the
court must ask the defendant whether he or she wishes to controvert any allegations in the
statement.  *See* CPL § 400.15(3).  "Uncontroverted allegations in the statement shall be deemed
to have been admitted by the defendant."  *Id.*  Where the uncontroverted allegations are
sufficient to support a finding that the defendant is a persistent violent felony offender, no further
hearing is required.  *See* CPL § 400.15(4).

or submitted to a jury, and proved beyond a reasonable doubt."[12]  *See* 530 U.S. at 490 (emphasis

added).  Thus, while the Supreme Court has held that, as a general rule, a fact which increases a

defendant's sentence must be proven to a jury beyond a reasonable doubt, the Supreme Court has

also recognized the very exception at issue in this case.

Here, because the only fact found by the sentencing court was the fact of Petitioner's

prior felony convictions, the sentence fell squarely within the exception reaffirmed in *Apprendi*.

*See Boutte v. Poole*, No. 07-CV-8412, 2008 WL 3166696, at *4 (S.D.N.Y. Aug. 4, 2008)

(rejecting claim under *Apprendi* because "[Section] 70.08 is a straightforward recidivism statute

that enhances a defendant's liability based solely on a finding of prior convictions under specific

statutes"); *Ramos v. New York*, No. 06-CV-3886, 2007 WL 1334969, at *10 (S.D.N.Y. May 8,

2007) (denying habeas petition because the determination that petitioner had committed a

predicate felony fell within *Apprendi*'s "fact of a prior conviction" exception); *Cruz v. Filion*,

456 F. Supp. 2d 474, 482-83 (S.D.N.Y. 2006) (denying petitioner's constitutional challenge to

N.Y. Penal Law § 70.08); *James v. Artus*, No. 03-CV-7612, 2005 WL 859245, at *16 (S.D.N.Y.

Apr. 15, 2005) ("N.Y. Penal Law § 70.08 . . . falls within [the *Apprendi*] exception, *i.e.*, the

enhanced sentence is based only on his prior felony convictions.  Thus, there was no *Apprendi*

---

[12] In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that an enhanced sentence did not violate the Sixth Amendment where the defendant had admitted the three earlier convictions for aggravated felonies which predicated his enhanced sentence, and where these three prior convictions had all been entered pursuant to proceedings with substantial procedural safeguards of their own.  *See* 523 U.S. at 230.  In *Apprendi*, the Supreme Court reaffirmed *Almendarez-Torres*, finding that "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of the 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range."  530 U.S. at 488.

violation.").  Therefore, the state court did not violate Petitioner's constitutional rights in

sentencing Petitioner to twenty years to life under N.Y. Penal Law § 70.08.

b.  Persistent Felony Offender Sentence

Petitioner claims that his sentence of fifteen years to life as a persistent felony offender

under New York Penal Law § 70.10 violated his right to a jury trial and due process of law

because the Appellate Division did not reasonably apply *Ring* and *Apprendi*.  Petitioner also

claims that the sentencing judge did not hold a hearing pursuant to N.Y. Penal Law § 70.10(2).[13]

---

[13] CPL § 400.20 sets outs the procedure, incorporated by reference in N.Y. Penal Law § 70.10(2), for determining whether a defendant should be sentenced as a persistent felony offender.  It provides, in part, that a persistent felony offender sentence "may not be imposed unless, based upon evidence in the record of a hearing held pursuant to this section, the court (a) has found that the defendant is a persistent felony offender as defined in [§ 70.20(1)], and (b) is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision . . . are warranted to best serve the public interest."  CPL § 400.20(1).  The statute outlines how the court must conduct the required hearing, *see* CPL § 400.20(2)-(4), and provided that the burden of the proof is on the prosecution, *see* CPL § 400.20(5).  A finding that a defendant is a persistent felony offender must be based upon proof beyond a reasonable doubt, whereas the standard of proof relating to the defendant's history and character and the nature and circumstances of his criminal conduct is a preponderance of the evidence standard.  *See id.*  The statute sets forth additional procedures for cases where the defendant controverts the allegations relating to his background and prior criminal conduct.  *See* CPL § 400.20(8)-(9).  Finally, the judge may terminate the hearing at any time without making any finding, in which case the defendant may not be sentenced as a persistent felony offender.  *See* CPL § 400.20(10).

To the extent Petitioner's objection that the sentencing court failed to hold a hearing is related to his claim that the sentencing court failed to comply with the procedural requirements of N.Y. Penal Law § 70.10 and CPL § 400.20, for the reasons set forth in section II.B.3 of this Opinion, the Court finds that this claim is procedurally barred on an independent and adequate state ground.  However, the Court also finds that the state court complied with the procedural requirements of N.Y. Penal Law § 70.10(2) and CPL § 400.20(2).  As Petitioner concedes, his counsel waived the twenty-day notice requirement for a hearing, and the sentencing court then proceeded to read the statement aloud to Petitioner, who then conceded his prior predicate convictions.  (Pet'r Mem. 6.)  Petitioner has acknowledged that "[he] admitted to the three prior violent felonies, and other factual allegations and informed the court that he did not wish to present any evidence to controvert the allegations made by the People."  (Resp. Aff., Ex. 8 at 9.)  Under these circumstances, there was no procedural infirmity in the sentence.  *See People v. Blaydes*, 797 N.Y.S.2d 630, 632 (App. Div. 2005) (upholding sentence although no hearing was

19

N.Y. Penal Law § 70.10 characterizes a "persistent felony offender" as any defendant who stands convicted of a felony and has two prior felony convictions (whether or not they are violent felony convictions), as defined in the statute.  *See* N.Y. Penal Law § 70.10(1)(a)-(c).  Under this provision, persistent felony offenders "may" be sentenced as though the offense of conviction was a class A-I felony.[14]  *See* N.Y. Penal Law § 70.10(2).  However, the enhancement under N.Y. Penal Law § 70.10 is not required, even when a defendant is found to have the requisite prior convictions.  Rather, the sentencing court also must determine whether "it is of the opinion that the history and character of the defendant and the nature and circumstance of his criminal conduct indicate that extended incarceration and of life-time supervision will best serve the public interest . . . ."  N.Y. Penal Law § 70.10(2); CPL § 400.20(9).

With regard to the first prong of the statute, requiring a finding of two prior felony convictions, Magistrate Judge Yanthis found that this provision fell squarely within the "[o]ther than the fact of a prior conviction" exception to *Apprendi*.  (R&R 17.)  The Court agrees that falls within the exception cited by the Supreme Court in *Apprendi*, and, thus, there is no *Apprendi* violation.  *See Miller*, 451 F.3d at 58-59 (holding that "New York's requirement of a judicial finding that the defendant have two predicate felony convictions falls within *Apprendi*'s 'fact of a prior conviction' exception").

---

held where defendant admitted to prior convictions and statement of prior felony conviction was properly furnished by the prosecution); *cf. Wheeler*, 2006 WL 2357973, at *13 (holding that sentencing judge abided by procedure outlined in CPL § 400.15 in finding the defendant to be a persistent violent felony offender, where judge read aloud statement at sentencing and defendant admitted to prior convictions).

[14] For class A-I felonies, New York law imposes an indeterminate sentence with a mandatory minimum of fifteen or twenty-five years and a maximum of life imprisonment.  *See* N.Y. Penal Law §§ 70.00(2)(a), 70.00(3)(a)(i).

With regard to the second prong of the statute, requiring the Court to determine if "it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest," N.Y. Penal Law § 70.10(2), Magistrate Judge Yanthis found that the Appellate Division did not unreasonably apply *Apprendi* and *Ring* in determining that this provision did not violate Petitioner's right to a jury trial or due process of law.  (R&R 17-18.) This decision squarely follows from the binding precedent from the Second Circuit, which has held that a state court decision upholding an enhanced sentence under N.Y. Penal Law § 70.10 is neither contrary to nor an unreasonable application of *Apprendi.  See Miller*, 451 F.3d at 58-59 (holding that New York state courts had not unreasonably applied *Apprendi* and *Ring* when sentencing persistent felony offenders under N.Y. Penal Law § 70.10); *accord Butler v. Graham*, No. 07-CV-6586, 2008 WL 2388740, at *9-10 (S.D.N.Y. June 12, 2008) (finding that persistent felony offender statute falls within exception to *Apprendi*); *Moss v. Phillips*, No. 03-CV-1496, 2008 WL 2080553, at *16 (N.D.N.Y. May 15, 2008) (applying *Miller* to conclude that N.Y. Penal Law § 70.10 does "not run afoul of the rule of law announced in [*Apprendi*]"); *Woods v. Poole*, No. 03-CV-5708, 2007 WL 4166042, at *1-2 (E.D.N.Y. Nov. 19, 2007) (following *Miller*, where *Apprendi* and *Ring* applied to defendant's sentence).

The Court notes that since the Supreme Court's decisions in *Booker* and *Blakely*, some district courts in the Second Circuit have split on the constitutionality of N.Y. Penal Law § 70.10.  *Compare Washington v. Poole*, 507 F. Supp. 2d 342, 358 (S.D.N.Y. 2007) (holding that N.Y. Penal Law § 70.10 is contrary to federal law when considered in light of cases decided after *Ring*), *and Portalatin v. Graham*, 478 F. Supp. 2d 385, 398 (E.D.N.Y. 2007) (finding that N.Y.

Penal Law § 70.10 violates the Sixth Amendment but noting that, unlike *Miller*, this conclusion followed *Blakely*), *with West v. Breslin*, No. 06-CV-4167, 2008 WL 110947, at *8 (S.D.N.Y. Jan. 2, 2008) (analyzing N.Y. Penal Law § 70.10 in light of *Blakely* and *Booker* and holding that "the sentencing judge did nothing more than engage in a 'vague, amorphous assessment' of the history and characteristics of the defendant and the nature and characteristics of the crime, which do not amount to constitutional fact-finding"); *Bailey v. Rivera*, No. 07-CV-2181, 2007 WL 3120904, at *7 (S.D.N.Y. Oct. 24, 2007) (upholding N.Y. Penal Law § 70.10 in light of *Blakely* and *Booker* because it authorizes a judge "to impose a life sentence in her discretion, based on a general assessment of the public interest, and not based on a particularized finding either of a specific fact about the offense or the offender (besides the fact of a prior conviction) defined by the legislature or a sentencing commission, or one of several alternative possible defined aggravating facts, or even of any particular aggravating fact determined by the judge herself") (emphasis omitted); *Morris v. Artus*, No. 06-CV-4095, 2007 WL 2200699, at *9 (S.D.N.Y. July 30, 2007) (holding that N.Y. Penal Law § 70.10 is not contrary to nor an unreasonable application of federal law as established in *Blakely* and finding that the inquiry required by N.Y Penal Law § 70.10 "falls squarely within the purview that is the discretion of the sentencing judge").

Based on *Miller*, however, which dealt with a legal landscape similar to that here, i.e. before *Blakely* and *Booker* were decided, the Court rejects Petitioner's claim that the New York Supreme Court unreasonably applied clearly established federal law in imposing the enhanced sentence under N.Y. Penal Law § 70.10.[15]

---

[15] In a recent decision, that was decided after the R&R, the Supreme Court warned against "wooden, unyielding insistence on expanding the *Apprendi* doctrine far beyond its

III.  Conclusion

Having reviewed de novo the issues raised in Petitioner's objections, the Court adopts the conclusions of the R&R and denies the Petition.  For the reasons stated in this Order and in the R&R, the Court finds that Petitioner's claims do not warrant habeas relief.  A certificate of appealability will issue only as to Petitioner's constitutional challenge to his sentence under N.Y. Penal Law § 70.10, pursuant to 28 U.S.C. § 2253(c)(2).  Petitioner is granted leave to pursue that appeal *in forma pauperis*.  Accordingly, it is hereby

ORDERED that the Petition is dismissed with prejudice; and it is further

ORDERED that a Certificate of Appealability is granted with respect to the sole issue of Petitioner's claim regarding his enhanced sentence as a persistent felony offender pursuant to N.Y. Penal Law § 70.10; and it is further

---

necessary boundaries" and held that the key question is whether a statute assigns to a judge a decision that traditionally belongs to the jury.  *Oregon v. Ice*, 129 S. Ct. 711, 719 (2009).  In *Ice*, the Supreme Court upheld an Oregon statute allowing judges to find certain facts before imposing consecutive, as opposed to concurrent, sentences.  *See id.* at 714-15.  The Oregon statute in question in *Ice* provided that the court had discretion to impose consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of criminal conduct only if "(a) [the judge found t]hat the criminal offense was . . . an indication of [the] defendant's willingness to commit more than one criminal offense; or (b) [t]he criminal offense . . . caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or . . . to a different victim . . . ."  *Ice*, 129 S. Ct. at 715 (quoting Or. Rev. Stat. § 137.125(5)).  Thus, the Oregon statute, like N.Y. Penal Law § 70.10, required the judge to reach conclusions about the defendant's character and criminal history prior to applying a discretionary sentencing scheme – in the case of *Ice*, the imposition of consecutive, as opposed to concurrent, sentences for multiple convictions.

ORDERED that Petitioner is granted leave to pursue that appeal *in forma pauperis*; and it is further

ORDERED that the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 24, 2009
      White Plains, New York

                                       KENNETH M. KARAS
                                       UNITED STATES DISTRICT JUDGE

24

<u>Service List (by Mail)</u>

Augustine Cruz
#00-A-2874
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, N.Y. 12589-0700

Kirsten A. Rappleyea, Esq.
Office of the Duchess County District Attorney
236 Main Street
Poughkeepsie, N.Y. 12601

Copy To:
Hon. George A. Yanthis
United States Magistrate Judge